FILED
SUPERIOR COURT
OF GUAM

2021 DEC -6 PM 1:29

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0580-20** |
| vs. | **DECISION AND ORDER** |
| **JEROME CAMACHO CRUZ aka Anthony Cruz,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 11, 2021, for hearing on Defendant **JEROME CAMACHO CRUZ aka Anthony Cruz's** ("Defendant") Motion to Dismiss the Second Charge in Favor of the First Charge for Violation of Defendant's Right Not to Be Placed in Double Jeopardy ("Motion to Dismiss the Second Charge"). Present remotely via Zoom was Assistant Attorney General Sean E. Brown. Present in person were Defendant with counsel, Assistant Alternate Public Defender Heather M. Zona. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On November 19, 2020, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of a Firearm without a Firearm Identification (As a Third Degree Felony); (4)

Family Violence (As a Third Degree Felony); and (5) Reckless Driving (As a Misdemeanor). (Indictment, Nov. 19, 2020).

On May 25, 2021, Defendant filed the instant Motion to Dismiss the Second Charge. On June 23, 2021, the Government filed its Opposition. On July 19, 2021, Defendant filed his Reply.

On August 11, 2021, the Court heard additional arguments on the Motion. At the conclusion of the hearing, the Court gave the parties leave to file further briefing. On August 18, 2021, the Government filed its Proposed Findings of Fact and Conclusions of Law.[1] On September 3, 2021, Defendant filed his Proposed Findings of Fact and Conclusions of Law. The Court subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Second Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in favor of the First Charge of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) because it is multiplicitous and violates the Double Jeopardy Clause of the United States Constitution. *See generally*, Mot. Dismiss Second Charge, May 25, 2021.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. "It is well established that the Double Jeopardy Clause protects against successive prosecutions as well as successive criminal punishments for the same crime." *People v. San Nicolas*, 2001 Guam 4 ¶ 8 (citation omitted). "Two distinct tests have emerged in determining whether the legislature intended to allow for cumulative punishments of statutory violations: (1) the *Blockburger* test and (2) the "unit of prosecution" test." *Id.* ¶ 10. The Court utilizes the *Blockburger* test to determine whether multiple punishments are allowed when the defendant violates two statutes, and the "unit of prosecution

---

[1] The Government's Proposed Findings of Fact and Conclusions of Law addressed three motions – the instant Motion to Dismiss the Second Charge, Defendant's Motion to Suppress, and Defendant's Motion to Dismiss the Indictment.

test" to determine whether multiple punishments are allowed when the defendant commits two violations of the same statute. *Id.* As to the First and Second Charges of the Indictment, Defendant is charged with violating two statutes. Under *Blockburger*, "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at ¶ 11. Accordingly, the Court must determine whether the Second Charge is a lesser included of the First Charge.

It is clear that as charged, Possession of a Schedule II Controlled Substance (As a Third Degree Felony) is a lesser included offense of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony). An offense is included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." 8 G.C.A. § 105.58(b)(1). The First and Third Charges of the Indictment read as follows:

### FIRST CHARGE

On or about the 9th day of November 2020, in Guam, **JEROME CAMACHO CRUZ aka Anthony Cruz**, did commit the offense of *Possession of a Schedule II Controlled Substance with Intent to Deliver (As a 1st Degree Felony)*, in that he intentionally or knowingly possessed with intent to deliver a controlled substance, that is, an amphetamine-based substance, in violation of 9 GCA §§ 67.401.1(a)(1) and (b)(1).

### SECOND CHARGE

On or about the 9th day of November, 2020, in Guam, **JEROME CAMACHO CRUZ aka Anthony Cruz** did commit the offense of *Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony)*, in that he did unlawfully or knowingly possess a Schedule II Controlled Substance, that is, an amphetamine-based substance, in violation of 9 GCA §§ 67.401.2(a) and (b).

(Indictment, Nov. 19, 2020). Here, the only difference between the First and Second Charges is that the First Charge includes the element that Defendant possessed a Schedule II Controlled Substance with the intent to deliver. Therefore, the Second Charge is a lesser included offense of the First Charge.

Although the Second Charge is a lesser included offense of the First Charge, the Court will not dismiss it at this stage. Under Guam law, even if the Second Charge was not charged in the Indictment, it would still be sent to the jury for deliberation. *See People v. Cummins*, 2010 Guam 19 ¶ 9 (citing *Angoco,* 2001 Guam 17 ¶ 21 ("Under existing Guam law, 'trial courts must issue lesser-included offense instructions if there is a rational basis for such as shown by substantial evidence, without regard to whether such instructions were requested or object to by the parties.")). Here, the lesser offense is independently charged. Should Defendant be found guilty by a jury of both charges, he may not be sentenced on both and "the conviction of the greater is controlling." *Cummins*, 2010 Guam 19 ¶ 13 (citing *People v. Campbell*, 2006 Guam 14 ¶ 6 n. 2). *See also* 9 G.C.A. § 1.22(a) (A defendant may not be *convicted* of more than one offense if one offense is included in the other as defined in § 105.58 of the Criminal Procedure Code"). Therefore, the Court finds that at this stage in the criminal proceedings it is premature to dismiss the lesser included charge against Defendant, and DENIES Defendant's Motion to Dismiss the Second Charge.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss the Second Charge.

**IT IS SO ORDERED** this ⬐6th⬎ day of December, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, APD_

Date: _12/6/21_ Time: _1:55pm_

Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0580-20
Decision and Order